UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDRE HAMILTON and CHRISTINA HAMILTON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. ) |
| LKS NASHVILLE LLC, LAZYKEY MARKETPLACE LLC, and MITU METYU METEV, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiffs file this lawsuit against Defendants and allege the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant LKS Nashville LLC is a Tennessee limited liability company with its principal address at 1507 16th Avenue South, #V8, Nashville, Tennessee, 37212. Its registered agent for service of process is Registered Agents Inc., 1507 16th Avenue South, #V8, Nashville, Tennessee, 37212.

3. Defendant Lazykey Marketplace LLC is a Delaware limited liability company that does business in Tennessee. Its principal office is located at 16192 Coastal Highway, Lewes, Delaware, 19958.

4. Defendant Mitu Metyu Metev does business in Tennessee and can be found at 2200 Benjamin Franklin Parkway, Apartment W1107, Philadelphia, Pennsylvania, 19130.

5. Defendants operate a business that provides real estate management services to its customers under the name "Lazy Key." Defendants provide such services in multiple states, including Tennessee.

6. Plaintiff Andre Hamilton was employed by Defendants from approximately December of 2020 until May 13, 2024. He performed maintenance work in the Nashville area and was paid an hourly wage for his work.

7. Plaintiff Christina Hamilton was employed by Defendants from approximately January of 2024 until May 13, 2024. She performed cleaning work in the Nashville area and was paid an hourly wage for her work.

8. Plaintiffs routinely worked overtime hours of more than 40 per workweek for which they were not paid overtime pay at a rate of one and one-half times their regular rates of pay.

9. More specifically, Defendants paid Plaintiffs their regular rates of pay, or "straight time," for overtime hours worked.

10. In addition, Defendant did not pay Plaintiffs any compensation whatsoever for their last three weeks of employment, during which they worked both regular and overtime hours.

## Count 1—FLSA Overtime Violations

11. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-10 above.

12. Each Defendant was an "employer" of each Plaintiff as defined by Section 203(d) of the FLSA.

13. Each Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA.

14. Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendants have annual gross volume of sales which exceed $500,000.00.

15. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

16. Pursuant to Section 207(a)(1) of the FLSA, Defendants were required to pay Plaintiffs overtime pay at a rate of one and one-half times their regular rates of pay for all hours worked over 40 during a workweek.

17. Defendants' failure to pay Plaintiffs overtime wages of one and one-half times their regular rates of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

18. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiffs for overtime back pay.

19. In addition to the amount of unpaid overtime wages owing to Plaintiffs, Plaintiffs are also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs are entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Count 2—FLSA Minimum-Wage Violations

21. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-20 above.

22. Pursuant to Section 206(a)(1)(C) of the FLSA, Defendants were required to pay Plaintiffs a minimum wage of at least $7.25 an hour for the hours they worked.

23. Defendants' failure to pay Plaintiffs any compensation for the work they

performed during their last three weeks of employment was a violation of Section 206(a)(1)(C) of the FLSA.

24. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiffs for back pay in the amount of the minimum wages they are owed.

25. In addition to the amount of unpaid minimum wages owing to Plaintiffs, they are also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

26. Plaintiffs are entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Prayer for Relief

WHEREFORE, Plaintiffs pray for a judgment against Defendants for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in amounts equal to their overtime back pay;

(c) minimum-wage back pay;

(d) liquidated damages in amounst equal to their minimum-wage back pay;

(e) interest;

(f) reasonable attorney's fees and costs; and

(g) all other general legal and equitable relief to which they may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
Attorney at Law
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

Aubrey T. Givens (TN 21491)
Aubrey Givens & Associates, PLLC
231 W. Old Hickory Blvd.
Suite B, Second Floor
Madison, TN 37115
(615) 248-8600
(615) 248-8111 (facsimile)
contactus@givenslawfirm.com

Attorneys for Plaintiffs